[Sac. No. 296. Department Two.—June 3, 1898.]

## MARY E. MOORE, Respondent, v. WILLIAM S. KENDALL, Appellant.

MOTION FOR NEW TRIAL—DISMISSAL OF PROCEEDINGS—LOSS OF STATEMENT—NEGLIGENCE.—It is the duty of the party moving for a new trial to present the proposed statement, and the amendments thereto not agreed to, within ten days after receipt of the amendments to the judge for settlement, or to deliver them to the clerk of the court for the judge; and where neither of these courses were pursued, and a hearing for settlement of the statement was postponed from time to time, and the statement was lost for want of proper care in its safekeeping, the moving party is not blameless for its loss; and where no explanation was given of his delay to obtain settlement of a substituted statement, it is not an abuse of discretion in the judge to dismiss the proceedings for a new trial on the ground that they had not been prosecuted with reasonable diligence.

APPEAL from an order of the Superior Court of Placer County dismissing proceedings upon a motion for a new trial. J. E. Prewett, Judge.

CXXI. CAL.—10

The facts are stated in the opinion.

A. M. Johnson, for Appellant.

J. M. Fulweiler, and L. T. Hatfield, for Respondent.

BRITT, C.—Judgment was entered against defendant in this action on October 27, 1894; his attorney gave notice of intention to move for new trial, and in January, 1895, served his proposed statement in support thereof on the attorney for plaintiff. On March 4, 1895, the latter served certain proposed amendments to such statement on the attorney for defendant. Thereupon defendant's attorney gave due notice that he would present the proposed statement and amendments to the judge who tried the cause for settlement on March 14, 1895. The matter of settling the statement was postponed from time to time —at least some of the delay being at the instance of defendant— until some time in October, 1895, when it was found that the proposed statement had been lost. Defendant's attorney then obtained a continuance until December 18, 1895 (afterward extended by stipulation until January 12, 1896), to enable him to present a redraft of the proposed statement, to be made from the stenographic notes of the trial. He served a paper of that nature, but its correctness as a rescript of the first draft was disputed by plaintiff's attorney. On February 10, 1896, the attorney for plaintiff gave notice of motion to dismiss the defendant's proceedings for new trial on the ground, among others, that they had not been prosecuted with reasonable diligence. The court granted the motion to dismiss, and defendant appealed.

If we admit, as appellant contends, that the evidence at the hearing showed that the original proposed statement was lost while in the hands of plaintiff's attorney, and that the subsequent embarrassments resulted mainly from such loss, it was yet the appellant on whom rested the duty, as the moving party, to present the proposed statement and amendments, within ten days after the receipt of the latter, to the judge for settlement, or to deliver them to the clerk of the court for the judge. (Code Civ. Proc., sec. 659, subd. 3.) The defendant did neither the one nor the other; and although it may be inferred from the sub-

sequent conduct of plaintiff's attorney that such omission was not objected to by him, and that by consent to proceedings for supplying the lost statement he waived objections he might previously have made, still the defendant is not blameless for the loss of the paper. Had he taken either course allowed by the statute probably it would not have been lost; according to his own showing he took no note of the safekeeping of the document for the space of six months or more after it became his duty to deliver it either to the judge or the clerk. Also, there is no explanation of his delay to obtain or to attempt to obtain a settlement of the substituted statement during the period from January 12th to February 10th, 1896. The circumstances were such as should have incited to dispatch. We see no abuse of discretion in the order appealed from, and it should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.